258 A.2d 80.

ALUMNAE ASSOCIATION OF THE NEWPORT HOSPITAL SCHOOL OF NURSING *vs.* HERBERT F. DeSIMONE, *Attorney General, State of Rhode Island.*

OCTOBER 24, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J.   This is the second time the will of Adelene Agnes Tuck, late of the town of Middletown, who died on September 1, 1959, has come to us for construction.   When it was first here[1] we said that the complainant could use the bequest made to it under the will for the purpose of providing scholarships for graduate studies in nursing to duly selected alumnae of the Newport Hospital School of Nursing.   We refused, however, to decide whether the will should be read to permit the expenditure of principal as

---

[1] *Alumnae Ass'n of Newport Hospital School of Nursing* v. *Nugent,* 101 R. I. 26, 219 A.2d 763.

well as income. Our reason was that the problem was academic rather than real, at least insofar as the record then before us disclosed.

After remand to the superior court, the evidentiary void which prompted our refusal to advise was filled and the record now shows that the income presently earned by the fund is insufficient to furnish scholarships to those who seek assistance and to whom aid would be awarded were the Association free to use the principal of the fund. It is with that factual background that the cause, when it was ready for entry of judgment in the superior court, was certified to this court pursuant to G. L. 1956, §9-24-28, as amended.

The question before us is how to construe that portion of the Fourteenth clause[2] of Adelene Agnes Tuck's will[3] wherein she bequeathed one-third of her residuary estate consisting of approximately $60,000 to complainant "* * * to be used to provide scholarships for persons who desire to make nursing their vocation and who have the intention and purpose to become good bedside nurses."

How we decide that question in no way turns upon whether the bequest to complainant is considered a gift to

[2]"FOURTEENTH: All the rest, residue and remainder of my property of every kind, nature and description, real, personal and mixed, wherever situated and howsoever and whensoever by me acquired, whether before or after the execution of this my Will, of which I may die seized, or over which I may have any power of appointment or disposition, I give, devise and bequeath, absolutely and in fee simple, as follows:
* * *
"One-Third (1/3) thereof to the Newport Hospital Nurses Alumni Association to be used to provide scholarships for persons who desire to make nursing their vocation and who have the intention and purpose to become good bedside nurses."

[3]The complainant is designated in the title of this case as Alumnae Association of the Newport Hospital School of Nursing; in the pertinent part of the residuary clause set out in n. 2, supra, it is described as "Newport Hospital Nurses Alumni Association." The difference between the two designations is explained in our earlier opinion, 101 R. I. 26 at pp. 28-29, 219 A.2d 764-65.

a charitable corporation with a restriction upon its use, or whether instead it is deemed to be a gift in trust. *St. Joseph's Hospital* v. *Bennett,* 281 N. Y. 115, 22 N. E.2d 305. In either event, the problem is one of construction.

When we consider that problem, we look first to the pertinent language of clause Fourteenth, but we find nothing there which discloses a clearly expressed direction that scholarships should be paid out of income only, or that principal should also be available. Both complainant and the attorney general[4] agree that this is so; they agree also that neither the will itself when read in its entirety nor the circumstances attendant upon its formulation shed any light on the testatrix' intentions.

We have then a situation where the dispositive intent of the testatrix is unknown. Undoubtedly the testatrix' neglect in this respect was not a deliberate oversight; and it would strain credulity to believe that she would have not selected appropriate and readily available language if the question of the use of principal had occurred to her or if it had been brought to her attention. The issue then is not what she intended or probably intended, but what would have been her intention assuming that she was an average testatrix faced with the particular problem and desirous of doing whatever was fair and just. *Manufacturers Nat'l Bank* v. *McCoy,* 100 R. I. 154, 212 A.2d 53. See 2 Scott, *Law of Trusts,* (3d ed.) §164.1, at 1261. We recognize that this issue is susceptible to different but equally reasonable conclusions. Notwithstanding, we must express a construc-

---

[4]The attorney general appeared as respondent conformably to §18-9-5 which provides: "The attorney-general shall be notified of all judicial proceedings affecting, or in any manner dealing with, a charitable trust or affecting, or in any manner dealing with, a trustee who holds in trust within the state property given, devised or bequeathed for charitable, educational or religious purposes, and who administers or is under a duty to administer the same in whole or in part for said purposes within the state, and shall be deemed to be an interested party thereto."

tional preference and, on balance, we feel that such a testatrix would probably have intended that principal as well as income should be available to satisfy the purposes of her beneficence. We hold, therefore, that the petitioning charitable corporation which has received a bequest "to be used" for a designated purpose, may expend both principal and income for that purpose absent evidence of intention limiting the right of expenditure to income only. See *Atchison* v. *United Presbyterian Board of Publication,* 266 Pa. 47, 50, 109 A. 597, 599.

The parties may present to this court for our approval a form of judgment in accordance with this opinion to be entered in the superior court.

*Moore, Virgadamo, Boyle & Lynch, Francis J. Boyle,* for complainant.

*Herbert F. DeSimone,* Attorney General, *W. Slater Allen,* Assistant Attorney General, for respondent.